UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON DYESS,<br><br>    Plaintiff,<br><br>v.<br><br>ESTATE OF JAJUAN LEE MORTON, et al.,<br><br>    Defendants. | Case No. 20-cv-00909-HSG<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE UNDER RULE 56(D)**<br><br>Re: Dkt. No. 39 |

Pending before the Court is Defendant PA Solutions, Inc.'s motion for summary judgment, for which briefing is complete. Dkt. Nos. 39 ("Mot."), 43 ("Opp."), and 45 ("Reply"). In its opposition, Plaintiff requests under Federal Rule of Civil Procedure 56(d) that the Court deny Defendant's motion as premature or defer considering it pending further discovery. Opp. at 1, 12. The Court finds this matter appropriate for disposition without oral argument and the matter is deemed submitted. *See* Civil L.R. 7-1(b). The Court **DENIES** the motion for summary judgment without prejudice under Rule 56(d)(1).

## I. BACKGROUND

This action arises from a collision that occurred on December 3, 2017, in which Plaintiff Cameron Dyess was in the vehicle driven by his cousin, Jujuan Morton. On December 2, 2017, Plaintiff and Morton attended a wedding. Dkt. No. 39-1, Ex. B (Plaintiff's Deposition) at 71:12-16. Following the wedding, they went to City Nights Club in San Francisco and left the club sometime before 2:00 a.m. *Id.* at 70:20-24, 82:11-21. They subsequently attended an event in Oakland similar to "First Friday of Oakland." *Id.* at 89: 14-20, 91:23-24. Following the event in Oakland, the next thing Plaintiff recalls is "[w]aking up from a coma." *Id.* at 92:3-6. Morton died from the collision, and Plaintiff survived, but sustained various injuries. Plaintiff alleges that PA

Solutions "is vicariously liable for the negligent acts and/or omissions of its agents and employees, including Mr. Morton, under the doctrine of respondeat superior." Dkt. No.1-2 at 20.

At the time of the incident, PA Solutions employed Morton as a robot programmer. Dkt. No. 39-2 Declaration of Keith Philliben ("Philliben Decl.") ¶ 4. PA Solutions is a "Michigan-based company that provides automation engineering solutions to the automotive industry." *Id.* at ¶ 3. "Tesla approved PA Solutions to provide personnel on an agreed upon service rates for the Tesla Project." *Id.* at ¶ 4. In 2017, Morton began working as a robot programmer on the Tesla Project in California. *Id.* at ¶ 8. During his stay in California, Morton drove a Dodge Charger that was a rental vehicle from Enterprise Rent-A-Car. *Id.* at ¶ 6.

Plaintiff seeks additional discovery regarding key facts raised in PA Solutions' motion. PA Solutions contends that the account manager, Keith Philliben, emailed Morton on November 29, 2017, notifying him that "PA Solutions needed to book him a flight home for either Friday, December 1, 2017, or Saturday, December 2, 2017." *Id.* at ¶ 9. Philliben states that he approved Morton's request to postpone the flight until Sunday, but informed him that "Friday and Saturday were considered 'personal time' " and that Morton was "not to perform any further work in California after Thursday, November 30, 2017." *Id.* Among other purported discrepancies, Plaintiff contends that documents reveal that discussions about extending Morton's stay were ongoing and that PA Solutions "may have directly benefitted from extending [Morton's] stay in California past the date of the incident so that they could secure new contracts for [Morton's] work on the Tesla project." Dkt. No. 42-8 Declaration of Clifford D. Neubauer ("Neubauer Decl.") ¶ 9. Plaintiff also notes that PA Solutions "has yet to produce any evidence of a ticketed flight for [Morton] on or after December 3, 2017." *Id.*

## II. DISCUSSION

Defendant contends that it cannot be held vicariously liable for Morton's conduct at the time of the vehicle collision because Morton was not acting in the scope of his employment. Mot. at 7. Counsel for Plaintiff details in the opposition and his accompanying declaration several examples of outstanding issues that it claims are necessary to adequately respond to the motion for summary judgment. *See* Opp. at 9-12; Neubauer Decl. ¶¶ 8-19.

At summary judgment, where "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition," a court may "defer considering the motion or deny it." Fed. R. Civ. P. 56(d)(1).  A party seeking relief under Rule 56(d) must show "(1) that they have set forth in affidavit form the specific facts that they hope to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are essential to resist the summary judgment motion." *State of Cal., on Behalf of Cal. Dept. of Toxic Substances Control v. Campbell*, 138 F.3d 772, 780 (9th Cir. 1998).  Plaintiff must have also diligently pursued the requested discovery.  *See Conkle v. Jeong*, 73 F.3d 909, 914 (9th Cir. 1995).

On May 13, 2020, the Court issued a scheduling order setting the case for jury trial on July 6, 2021, with the close of fact discovery on April 9, 2021.  Dkt. No. 27.  Around December, 2020, "counsel for PA Solutions initiated meet and confer discussions concerning their desire to continue trial dates and discovery-related deadlines in this matter." Neubauer Decl. ¶ 6.  On January 7, 2021, the parties filed a joint stipulated request to continue the case deadlines due to asserted delays in discovery.  Dkt. No. 37.  The parties stipulated that "the delay in discovery at the time was due to events beyond the parties' control and which, despite their best efforts, could not be rectified." *Id.* at 2.  On January 8, 2021, the Court granted the stipulation to change the case deadlines, including continuing the close of fact discovery to August 2, 2021.  Dkt. No. 38.

Less than two weeks later, on January 19, 2021, PA Solutions filed its motion for summary judgment, requiring Plaintiff to respond by February 2, 2021.  Prior to the filing of the present motion, the parties engaged in some discovery.  On June 15, 2020, the parties exchanged initial disclosures.  Neubauer Decl. ¶ 3.  On August 21, 2020, Plaintiff served responses to PA Solutions' first set of interrogatories and request to identify and produce tangible things, and subsequently served supplemental responses on September 4, 2020.  *Id.*  On December 22, 2020, PA Solutions served its responses to Plaintiffs similar requests, and subsequently served its responsive non-confidential documents on the same day it filed its motion for summary judgment.  *Id.*

As of the time Plaintiff filed its opposition, it had raised various outstanding discovery

issues.[1] On January 29, 2021, Plaintiff issued a subpoena duces tecum to Enterprise-Rent-A-Car. *Id.* at ¶ 5. Following a meet and confer on January 29, 2021, the parties agreed on three dates in mid-March for depositions of several PA Solutions witnesses, and Plaintiff later served notices of depositions for PA Solutions' Person Most Knowledgeable and four current and/or former employees. *Id.* On February 2, 2021, Plaintiff issued a subpoena duces tecum to Sprint, Morton's cellular phone service provider to obtain Morton's phone and text message records from November 19, 2017 to December 3, 2017. *Id.*

Plaintiff anticipates the additional discovery will show that (1) PA Solutions "directly benefitted from providing its employees unfettered access to and use of rental vehicles whereby the company would provide insurance coverage," (2) PA Solutions "placed nearly no restrictions on where and when its employees could use these rental vehicles," (3) PA Solutions "planned to directly benefit from extending [Morton's] hotel and rental vehicle," (4) Morton "may have engaged in efforts to extend his contract during the final days of his life, contradicting PA Solutions' evidence that these days were merely 'personal time,' " and (5) PA Solutions "never booked a flight home for [Morton] and remained involved in their attempts to extend his stay." Neubauer Decl. ¶¶ 10-13. Plaintiff contends that this discovery is necessary to "properly respond to and defend PA Solutions' motion for summary judgment." *Id.* at ¶ 18. PA Solutions opposes the relief requested, but in the alternative asks the Court to "issue a limited continuance" because the time between the filing of Plaintiff's opposition and the hearing set for April 22, 2021 constitutes "sufficient time to conduct all the discovery Plaintiff identifies." Reply at 6.

The Court finds that Plaintiff has adequately detailed the reasons it was unable to present evidence to properly address the claims raised in the present motion in its opposition. Additionally, the discovery sought is relevant to Plaintiff's ability to raise a genuine issue of material fact as to whether Morton was acting in the scope of his employment. The Court also finds that Plaintiff has diligently pursued discovery in light of the discovery efforts described in the opposition and the parties' joint stipulation requesting a change of case deadlines, filed only

---

[1] Defense counsel did not agree to an extension of time for Plaintiff to file its opposition. Neubauer Decl. ¶ 20.

4

two weeks prior to PA Solutions' motion for summary judgment, based on supposed discovery delays beyond the parties' control. *See United States v. Real Prop. & Improvements Located at 2366 San Pablo Ave., Berkeley, California*, No. 13-CV-02027-JST, 2014 WL 3704041, at *3 (N.D. Cal. July 24, 2014) (noting the court "would be spinning its wheels by considering a [premature] summary judgment motion when the parties have not had time to develop an adequate factual record," where the court "recently extended all case deadlines, including discovery deadlines"). And importantly, Plaintiff seeks information that was "the subject of outstanding discovery requests" at the time it was required to file its opposition. *See Burlington N. Santa Fe R. Co. v. Assiniboine & Sioux Tribes of Fort Peck Rsrv.*, 323 F.3d 767, 775 (9th Cir. 2003) (noting that "summary denial of [leave under Rule 56(d)] is especially inappropriate where . . . the material sought is also the subject of outstanding discovery requests") (citation omitted).

It was a poor use of the Court's and the parties' time and resources for Defendant to seek and obtain a months-long discovery extension, then turn around and nearly immediately file a summary judgment motion that predictably generated Plaintiff's Rule 56(d) request. That said, the Court is of the view that Plaintiff clearly faces an extreme uphill battle given the undisputed or undisputable facts in the record already presented. In the interests of fairness and efficiency, and to ensure that a full record is made, the Court in its discretion **DENIES** the motion for summary judgment under Rule 56(d)(1), but without prejudice to renewal once discovery is complete.

**IT IS SO ORDERED.**

Dated: 4/21/2021

HAYWOOD S. GILLIAM, JR.
United States District Judge

5