UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAMERON DYESS,<br><br>   Plaintiff,<br><br> v.<br><br>ESTATE OF JAJUAN LEE MORTON, et al.,<br><br>   Defendants. | Case No. 20-cv-00909-HSG<br><br>**ORDER DENYING MOTIONS TO SEAL**<br><br>Re: Dkt. Nos. 42, 54 |

Pending before the Court are Plaintiff's administrative motions to file documents under seal. Dkt. Nos. 42, 54. For the reasons set forth below, the Court **DENIES** Plaintiff's motions.

## I. LEGAL STANDARD

Courts generally apply a "compelling reasons" standard when considering motions to seal documents. *Pintos v. Pac. Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (quoting *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006)). "This standard derives from the common law right 'to inspect and copy public records and documents, including judicial records and documents.'" *Id.* (quoting *Kamakana*, 447 F.3d at 1178). "[A] strong presumption in favor of access is the starting point." *Kamakana*, 447 F.3d at 1178 (quotations omitted). To overcome this strong presumption, the party seeking to seal a judicial record attached to a dispositive motion must "articulate compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process" and "significant public events." *Id.* at 1178–79 (quotations omitted). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public

scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)). "The mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.*

Civil Local Rule 79-5 supplements the "compelling reasons" standard. The party seeking to file under seal must submit "a request that establishes that the document, or portions thereof, are privileged, protectable as a trade secret or otherwise entitled to protection under the law . . . . The request must be narrowly tailored to seek sealing only of sealable material . . . ." Civil L.R. 79-5(b). Courts have found that "confidential business information" in the form of "license agreements, financial terms, details of confidential licensing negotiations, and business strategies" satisfies the "compelling reasons" standard. *See In re Qualcomm Litig.*, No. 3:17-cv-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (observing that sealing such information "prevent[ed] competitors from gaining insight into the parties' business model and strategy"); *Finisar Corp. v. Nistica, Inc.*, No. 13-cv-03345-BLF (JSC), 2015 WL 3988132, at *5 (N.D. Cal. June 30, 2015).

Records attached to nondispositive motions must meet the lower "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure, as such records "are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179–80 (quotations omitted). This requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *see also* Fed. R. Civ. P. 26(c). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992) (quotation omitted).

## II.     DISCUSSION

PA Solutions filed its first motion for summary judgment on January 19, 2021, and its second motion for summary judgment on June 30, 2021. Dkt. Nos. 39, 53. In opposing the motions for summary judgment, Plaintiff filed administrative motions to seeking to seal the same exhibit and materials referencing the exhibit. Dkt. Nos. 42, 54. Specifically, Plaintiff seeks to

seal Exhibit 4 to the Declarations of Jonathan M. Shuggart, *see* Dkt. Nos. 42-9, 54-7, and portions of its oppositions and declarations referencing that exhibit. Because a motion for summary judgment is a dispositive motion, the Court applies the "compelling reasons" standard in evaluating the motion to seal. Plaintiff's proffered justification for sealing is that the information was designated as "Confidential" by Defendants. But a designation of confidentiality is not sufficient to establish that a document is sealable. *See* Civ. L. R. 79-5(d)(1)(A). "Confidential" is merely the parties' initial designation of confidentiality to establish coverage under the stipulated protective order. *See Verinata Health, Inc. v. Ariosa Diagnostics, Inc.*, No. 12-cv-05501-SI, 2015 WL 5117083, at *5 (N.D. Cal. Aug. 31, 2015) ("But good cause 'cannot be established simply by showing that the document is subject to a protective order or by stating in general terms that the material is considered to be confidential'") (quoting *Bain v. AstraZeneca LP*, No. 09-cv-4147, 2011 WL 482767, at *1 (N.D. Cal. Feb. 7, 2011)).

PA Solutions filed supporting declarations and contends that Exhibit 4 contains sensitive and proprietary information. Dkt. Nos. 44, 56. Exhibit 4 contains documents identified by the following Bates numbers: PAS 001012-1013, PAS 000927-930, and PAS 001019-1027. PA Solutions details that PAS 001012-1013 is "an email reflecting PA Solutions' internal practices concerning employee expense reimbursements," that PAS 000927-930 "reflects emails between PA Solutions and a potential client of PA Solutions," and that PAS 001019-1027 is a "contract between PA Solutions and a company concerning PA Solutions' arrangement for procurement of rental vehicles." *Id.* at ¶¶ 3-6. PA Solutions contends that publication of these materials "could harm [its] competitive standing by allowing competitors access to PA Solutions' proprietary internal practices, confidential negotiation tactics, internal employee expense and reimbursement information, and internal pricing information." *Id.* at ¶ 7.

Certain information, such as the specific rates that PA Solutions charges clients for its personnel, may warrant sealing. But the Court finds that Plaintiff's redacted versions do not comply with Civil Local Rule 79-5(b), which requires that the "request must be narrowly tailored

3

1  to seek sealing only of sealable material."[1]  In filing motions to seal, the burden is on the parties to
2  justify, in detail, each proposed fact that they want to seal.  In addition to failing to address why
3  the sealing the entirety of Exhibit 4 is warranted, PA Solutions did not explain why sealing is
4  warranted for portions of the oppositions or declarations that largely discuss the underlying
5  documents at a high level, similar to the description provided in its supporting declarations and its
6  own briefing.  *See*, *e.g.*, Dkt. No. 53 at 4.  And much of the redacted material in the opposition is
7  not proprietary and discussed in other portions of the record.  For example, the Court finds there is
8  no basis to seal the general information about insurance coverage detailed in Plaintiff's opposition
9  to Defendant's second motion for summary judgment.  *See* Dkt. No. 55 at 9:20-21; *see also* Dkt.
10 No. 55-1, Ex. 7 Deposition of Lisa Hobert at 17:12-21 (discussing insurance coverage).  Because
11 the parties' requests are overly broad, the Court **DENIES** the motions to seal.
12 //
13 //
14 //
15 //
16 //
17 //
18 //
19 //
20 //
21 //
22 //
23 //
24 //
25 //

---

[1] Plaintiff filed "unredacted" versions that redact a narrower band of material, *see* Dkt. Nos. 42-9, 54-7, but requested that the Court seal those unredacted versions. *See* Dkt. No. 54-2 (Proposed Order). The parties must include any narrowly tailored requested redactions in the redacted versions that will be accessible on the public docket should the Court grant the requests to seal.

United States District Court
Northern District of California

### III. CONCLUSION

The Court **DENIES** Plaintiff's administrative motions to file under seal, and **DIRECTS** Plaintiff to file public versions of all documents for which the proposed sealing has been denied within seven days of this order. The parties may also file a new motion to seal that comports with the requirements discussed above within seven days of this order. Additionally, any proposed order, or responsive declaration, must include in the table for each item sought to be sealed: (1) the docket numbers of the public and provisionally sealed versions of documents sought to be filed under seal; (2) the name of the document; (3) the specific portion(s) of the document sought to be filed under seal; and (4) the filer's reasons for seeking sealing of the material, along with citations to the relevant declarations and any supporting legal authority. The reasons provided must be specific and tailored to the portion(s) of the document sought to be sealed.

**IT IS SO ORDERED.**

Dated: August 13, 2021

_____
HAYWOOD S. GILLIAM, JR.
United States District Judge

5